# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

|  |  |  |
|---|---|---|
| VAN ATKINS III, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:20-CV-030-DCLC-CHS |
| CORE CIVIC ASSOCIATION, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff, a prisoner of the Tennessee Department of Correction ("TDOC"), has filed a pro se complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 arising out of an incident in which another inmate attacked him [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], and certified inmate trusts account statement [Doc. 6]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED** and this action will be **DISMISSED**.

### I. FILING FEE

It appears from the motion for leave to proceed *in forma pauperis* [Doc. 1] and the prisoner trust fund account statement [Doc. 6] that Plaintiff is unable to pay the filing fee. Accordingly, this motion [Doc. 1] will be **GRANTED**.

Because Plaintiff is a prisoner of the TDOC, he will be **ASSESSED** the filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his

inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at Plaintiff's current institution and the Attorney General for the State of Tennessee. The Clerk also will be **DIRECTED** to send a copy to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     COMPLAINT SCREENING

### A.  SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981).

### B. ALLEGATIONS

On August 10, 2019, a federal prisoner Plaintiff refers to as "Mr. Love" and whom Plaintiff states has a history of possessing weapons and a reputation for fighting was verbally threatening other inmates, refusing to follow Jail Counselor VanHouser's commands, and resisting Jail Counselor VanHouser's efforts to escort him away [Doc. 2 p. 4–6]. When Plaintiff walked past Mr. Love during this incident, he attacked Plaintiff by striking him in the collar bone area of his shoulder "for no apparent reason,"[1] causing Plaintiff's shoulder to bleed [Doc. 2 p. 4–6]. After this initial attack, Officer Presley got out her mace can, and Mr. Love continued to be aggressive [*Id.* at 4]. However, even though Jail Counselor VanHouser told correctional Officer Presley to spray the mace, Officer Presley did not do so until another prisoner attempted to subdue Plaintiff's attacker, at which point Mr. Love ran out the door [*Id.* at 5].

Plaintiff names "Core Civic Association ET, AL" as a Defendant and seeks proper medical treatment and compensatory damages [*Id.* at 1, 3, and 6].

### C. ANALYSIS

The Eighth Amendment guarantees prisoners a constitutionally protected right to personal safety. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Included therein is the right to be free

---

[1] Plaintiff later appears to refer to this initial attack as a "stabbing" [*Id.* at 6].

3

"from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). As such, prison officials must "to take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).

A jail official may violate this right by being deliberately indifferent to a prisoner's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). An officer is deliberately indifferent to such a risk where he is "subjectively aware of the risk" and "disregard[s] that risk by failing to take reasonable measures to abate it." *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (*quoting Farmer*, 511 U.S. at 847).

First, as set forth above, it appears that Plaintiff has only sued Defendant Core Civic Association [*Id.* at 1 and 3]. However, as nothing in the complaint allows the Court to plausibly infer that any custom or policy of this entity was the moving force behind any violation of Plaintiff's constitutional rights, the complaint fails to state a claim upon which relief may be granted as to this Defendant. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (holding that a private corporation acting under color of state law may not be liable under § 1983 for constitutional violations based upon a theory of *respondeat superior*, but rather may be liable only where its custom or policy caused a constitutional violation) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Moreover, even if Plaintiff intended to name Jail Counselor VanHouser and/or Officer Presley as Defendants in his complaint, the complaint likewise fails to state a claim upon which relief may be granted under § 1983 as to these individuals.

First, Plaintiff's complaint establishes that Jail Counselor VanHouser was not deliberately indifferent to any risk of an attack on Plaintiff by Mr. Love, but instead was taking reasonable

measures to ensure the safety of all prisoners in the area by attempting to remove Mr. Love from the area due to his threatening behavior, albeit unsuccessfully. Further, no facts in the complaint allow the Court to plausibly infer that Officer Presley could or should have prevented Mr. Love's initial attack on Plaintiff.

Moreover, while Plaintiff alleges that after Mr. Love's initial attack, Jail Counselor VanHouser told Officer Presley to use her mace, but Officer Presley did not do so until another inmate attempted to subdue Mr. Love, Plaintiff has not set forth sufficient facts from which the Court can plausibly infer that this delay was due to Offer Presley's deliberate indifference to Plaintiff's safety. In other words, Plaintiff's allegations that Jail Counselor VanHouser suggested that Officer Presley deploy her can of mace but Officer Presley did not do so immediately do not allow the Court to plausibly infer that Officer Presley's delay was due to deliberate indifference, rather than for any number of other valid reasons, including but not limited to a lack of proximity to Mr. Love and/or concerns about this substance coming into contact with other jail officials and/or other prisoners, including Plaintiff.

Also, even if the Court could plausibly infer from the complaint that Officer Presley's failure to immediately use the mace was due to Officer Presley's deliberate indifference to Plaintiff's safety, Plaintiff has not set forth any facts from which the Court could plausibly infer that he suffered a physical injury due to this delay. Specifically, Plaintiff states that Mr. Love injured Plaintiff's collar bone area in his initial attack, at which time Officer Presley brought out her mace can, but that Officer Presley did not use the mace until another prisoner attempted to bring Mr. Love under control even though Mr. Love's "aggression continued" [*Id.* at 5]. However, Plaintiff does not set forth any allegation that he sustained any injury other than the shoulder injury from the initial attack. Under PLRA, a complaint must allow a district court to plausibly infer that

5

the plaintiff suffered a physical injury in order to state a claim for monetary relief. 42 U.S.C. § 1997e(e); *Wilson v. Yaklich*, 148 F.3d 598, 600–01 (6th Cir. 1998) (providing that claims seeking monetary damages for failure to protect in violation of the Eighth Amendment fail absent a physical injury).[2]

Accordingly, the complaint fails to state a claim upon which relief may be granted under § 1983 and this action will be **DISMISSED**.

III. **CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee and to furnish a copy of this order to the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

---

[2] While Plaintiff also seeks injunctive relief in the form of proper medical treatment in his complaint [*Id.* at 6], he does not allege any type of "ongoing constitutional violation" for which he would be entitled to such relief. *Wilson*, 148 F.3d at 600–01 (providing that where a prisoner seeks injunctive relief for a constitutional violation but does not allege any physical injury, courts may provide injunctive relief "when necessary to remedy prison conditions fostering unconstitutional threats of harm to inmates," including where the plaintiff alleges an "ongoing constitutional violation").

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R**:

s/Clifton L. Corker  
United States District Judge